**Walter SCHINDLER and Henri Dietrich, Plaintiffs,**

v.

**COMMISSIONER OF PATENTS, Defendant.**

**Civ. A. No. 3068–63.**

United States District Court
District of Columbia.
June 23, 1965.

A. Ponack, Wenderoth, Lind & Ponack, Washington, D. C., for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for trial February 16, 1965. After reviewing the evidence presented, and considering the briefs the parties were accorded an opportunity to file, the Court has found for the defendant, and against the plaintiffs, and will order that the Complaint be dismissed.

In accordance with Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

## FINDINGS OF FACT

1. This is an action brought under Section 145 of Title 35, United States Code, in which plaintiffs Walter Schindler and Henri Dietrich, as applicants of application for patent Serial No. 857,274, filed December 4, 1959, entitled "New N-Heterocyclic Compounds", seek by their complaint a judgment from the Court authorizing the defendant, the Commissioner of Patents, to grant plaintiffs a patent.

2. Plaintiffs withdrew claims 4, 6, 7, 11, 16 and 17 at the trial. Hence, the suit must be dismissed as to these claims.

3. The sole claim in issue is claim 8.

4. The specification of the application in suit describes a class of 3-substituted iminodibenzyl and iminostibene derivatives, which have pharmacological properties, specified as anti-allergic, sedative, spasmolytic, serotonin antagonistic, anti-emetic, adrenolytic, capable of restricting saliva secretions caused by pilocarpine, for the treatment of allergic rhinitis, potentiators of other pharmaceuticals such as anesthesia, and useful in the treatment of certain forms of mental disorders, in particular depressions. The compounds are prepared by five alternative processes, but in each process the starting material is a 3-substituted-iminodibenzyl or iminostilbene or derivatives thereof.

5. Claim 8 at issue is directed to a single specific compound within the described class, namely, 3-chloro-5-(γ-dimethylamino-propyl)-iminodibenzyl.

6. The prior art relied upon by defendant in support of the holding of unpatentability of the Patent Office Board of Appeals is as follows:

(a) A United States patent to Schindler et al., No. 2,813,857, disclosing a class of dihalogenated iminodibenzyl derivatives, having utility in pharmacology because of their anti-allergic and sedative properties, and useful also for the treatment of certain forms of mental disorders. Example 2 in the patent shows the preparation of 3,7-dichloro-5-(γ-dimethylamino-propyl)-iminodibenzyl, formed by employing 3,7-dichloro-iminodibenzyl as a starting material.

(b) The Australian patent No. 215,-335 disclosing a class of iminodibenzyl derivatives which may be unsubstituted, monohalogen substituted, or dihalogen substituted in the iminodibenzyl nucleus. The compounds are described as possessing interesting pharmacodynamic properties as anti-emetics, anti-shock agents, anti-histaminics, spasmolytics, anti-epileptics, and as potentiators of anesthetics and analgesics.

7. The compounds of claim 8 in suit, Schindler et al. and the Australian patent are structurally closely related.

8. The application at bar, as well as the patent to Schindler et al. and the Australian patents, disclose closely related as well as overlapping pharmacological properties for the classes of compounds disclosed therein.

9. The evidence does not prove that there was anything unobvious in preparing the monochlorinated iminodibenzyl starting material employed in the preparation of the compound of claim 8.

10. The evidence of comparative tests relating to anti-depressant activity of the compound of claim 8 and that of Example 2 of the Schindler et al. patent is of no legal significance, since it is based on an advantage or property for the claimed compound, which is undisclosed in the application as filed. Nowhere does the original description state that the claimed compound has anti-depressive properties.

11. It would have been obvious to one of ordinary skill in the art to eliminate the 7-chloro substituent from the 3,7-dichloro-5-(γ-dimethyl amino-propyl) iminodibenzyl compound disclosed by Schindler et al., in view of the disclosure of corresponding iminodibenzyl derivatives in the Australian patent wherein those derivatives may be unsubstituted, monohalogen substituted, or dihalogen substituted in the iminodibenzyl nucleus, and in view of the closely related as well as overlapping pharmacological properties disclosed in the two patents.

12. The 3-chloro-5-(γ-dimethylamino-propyl)-iminodibenzyl compound recited in claim 8 in suit would have been obvious to one of ordinary skill in the art at the time plaintiffs filed their application from the combined teachings of Schindler et al. and the Australian patent.

**542**

## CONCLUSIONS OF LAW

1. An applicant is not entitled to patent protection where he did nothing more than combine teachings available in the art in a manner which would have occurred to one skilled in the art at the time the patent application was filed in the Patent Office.

2. Patentability because of unobviousness cannot be based on evidence of an unexpected property in a claimed compound where the application when filed did not expressly disclose that unexpected property for that specific compound.

3. Plaintiffs are not entitled to a patent containing claim 8 of application Serial No. 857,274.

4. The Complaint should be dismissed as to claims 4, 6, 7, 8, 11, 16, and 17.